USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/9/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COMTECH TELECOMMUNICATIONS
CORP. and TELECOMMUNICATION
SYSTEMS, INC.,

               Plaintiffs,

v.

EUSEBIA, LTD. *f/k/a* VIDEODOC
TECHNOLOGIES, LTD,

               Defendant.

---

No.  19-CV-6694 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On December 6, 2019, Plaintiffs filed a motion for default judgment against Defendant. *See* Dkt. 38. Plaintiffs also filed various exhibits in connection with their motion for default judgment. Plaintiffs now seek to file under seal two of those exhibits: (1) the Virtumedix® Provider Partner Agreement, dated May 24, 2015, and (2) the Virtumedix® API License Agreement, dated August 31, 2017. *See* Dkt. 36. Under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), this request is denied without prejudice.

This is a breach of contract action that, as Plaintiffs acknowledge in their letter, arises out of the two License Agreements. "The Second Circuit has held that 'documents submitted to a court for its consideration in a . . . motion are—as a matter of law—judicial documents to which a strong presumption of [immediate pubic] access attaches, under both the common law and the First Amendment." *Kavanagh v. Zwilling*, 997 F. Supp. 2d 241, 255-56 (S.D.N.Y. 2014) (quoting *Lugosch*, 435 F.3d at 126). Thus, as these exhibits are submitted with Plaintiffs' motion for default judgment, the presumption of judicial access is strong. Moreover, Plaintiffs seek to

seal the entirety of these two License Agreements, but do not identify the reasons why sealing is justified under the *Lugosch* standard. Although sealing may be proper with respect certain confidential and/or business information, "the fact that the parties have designated certain documents as confidential among themselves does not mean that they have rebutted the 'strong presumption of public access to court records' that exists in federal courts." *NRW, Inc. v. Bindra*, No. 12 Civ. 8555, 2013 WL 12353961, at *1 (S.D.N.Y. Oct. 24, 2013); *see also Turner Network Sales, Inc. v. DISH Network L.L.C.*, No. 17-CV-7599 (RA), 2019 WL 147372, at *2 (S.D.N.Y. Jan. 9, 2019) (denying parties' unopposed motions to seal after "[h]aving weighed the extremely high presumption of access that attaches to these judicial documents against the important, but lesser, interests of the litigants in maintaining their competitive standing").

Should Plaintiffs still seek to seal the entirety of the two License Agreements, no later than December 16, 2019, they shall provide the Court with the reasoning for why sealing is appropriate under the *Lugosch* standard. Should Plaintiffs wish to instead submit proposed redactions more narrowly tailored to the interests they seek to protect, they shall do so no later than December 16, 2019, and they shall also provide the Court with the reasoning for why such redactions are appropriate under the *Lugosch* standard.

SO ORDERED.

Dated:     December 9, 2019
           New York, New York

Ronnie Abrams
United States District Judge

2