# LUPKIN PLLC

80 Broad Street, Suite 1301
New York, NY 10004

Tel: (646) 367-2771
Fax: (646) 219-4870
www.lupkinpllc.com



December 16, 2019

**VIA ECF AND HAND DELIVERY**

Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2003
New York, NY 10007

**MEMO ENDORSED**

Re: *Comtech Telecommunications Corp. v. Eusebia Ltd.*, Case No. 19-cv-6694 (RA)

Dear Judge Abrams:

On December 5, out of concern that Defendant Eusebia Ltd. is not present to assert confidentiality, Plaintiffs Comtech Telecommunications Corp. and TeleCommunication Systems, Inc. sought leave to file under seal two agreements whose terms were designated as confidential by the parties.

The Court having denied that motion without prejudice, we now renew it with respect only to material Plaintiffs believe overcome the strong presumption of disclosure described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Specifically, Plaintiffs seek leave to file the agreements with very limited redactions, as indicated in the copy being provided to the Court herewith, for the reasons set forth below:

**Judicial Documents**

At a general level, both the Virtumedix® Provider Partner Agreement dated May 24, 2015 ("Platform License") and the Virtumedix® API License Agreement dated August 31, 2017 ("API License") can be considered, in the parlance of *Lugosch*, "judicial documents" entitled to the highest presumption of access. However, portions of those documents that are not relevant to the Court's consideration of Plaintiffs' motion for default judgment do not merit the same heightened protection:

> Some portions of the material plaintiff seeks to seal relate directly to the disputes this Court must resolve on the motions, and therefore the strong presumption of public access outweighs the plaintiff's privacy interests.... The remaining portions are immaterial, such as client names, and need not be submitted.

Hon. Ronnie Abrams
December 16, 2019
Page 2 of 3

*MacroMavens, LLC v. Deutsche Bank Securities, Inc.*, No. 09 Civ. 7819(PKC), 2011 WL 1796138, *3 (S.D.N.Y. April 27, 2011).

**Payment Terms**

Exhibit A to the Platform License contains Plaintiffs' proprietary pricing terms. Sections 4 and 5 of that Exhibit set forth the License Fee and Consultation Fees that form, in part, the basis for Plaintiffs' claims for damages, and must be disclosed under *Lugosch*. However, sections 1 and 2 set forth the Localization Fee and Hosting Setup Fee, which are not among the fees sought by Plaintiffs in this action and thus are not relevant to this Court's review of Plaintiffs' motion. Given the lower bar for redaction of immaterial information, we believe it is appropriate to redact the amounts to preserve the confidentiality of pricing information that could, if disclosed to parties with whom Plaintiffs negotiate such pricing, would put Plaintiffs at a competitive disadvantage. *See* Declaration of James Mohler dated December 16, 2019 ("Mohler Decl.") ¶ 5.

**API Specifications**

Exhibit A to the API License sets forth the specifications of the Application Programming Interface ("API") for the Virtumedix® platform. As alleged in the Amended Complaint, the API is among the proprietary information that Defendant used to unlawfully reverse engineer Plaintiffs' software. *See, e.g.*, Am. Compl. ¶ 59. As such, the confidential nature of the API is presumed. *See* Fed. R. Civ. P. 8(b)(6); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997). Moreover, the API specification itself, which is a technical document, is not germane to this Court's determination of the quantum of damages and thus not "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. Thus, the presumption in favor of disclosure is lessened. *See MacroMavens, supra.*

The public's right to access court documents may be surmounted by a party's showing that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. Here, redaction of the API specifications is essential to protect Plaintiffs' valuable intellectual property. The mere fact that the confidential API can be used to reverse engineer proprietary software worth hundreds of thousands of dollars is sufficient to establish the enormous financial losses Plaintiffs could suffer if their API were publicly disclosed. *See* Mohler Decl. ¶¶ 6-11; Am. Compl. ¶¶ 56-59 Platform License Exhibit A; API License Exhibit A.

Plaintiffs have taken significant measures to protect the API. Among other things, they marked the API specification as confidential on its face, included contractual provisions specifically designed to restrict the use and disclosure of the API, and restricted access to

Hon. Ronnie Abrams
December 16, 2019
Page 3 of 3

the API both within and outside of the business. *See* Mohler Decl. ¶¶ 6-9. The API is licensed separately from the Virtumedix® software and access to the API costs a minimum of $250,000. *See* API License Exhibit A. In the wrong hands, the API could be used to facilitate the reverse-engineering of the Virtumedix® software, causing Plaintiffs substantial financial and competitive damage. *See* Mohler Decl. ¶¶ 10-11.

The public has little, if any, countervailing interest in the API specification, which would be essentially meaningless to most lay persons, except for members of the public who would wish to profit at Plaintiffs' expense.

For these reasons, Plaintiffs respectfully request that this Court permit Plaintiffs to publicly file the two licenses with the very limited redactions proposed herein. Attached hereto as exhibits are the Virtumedix® Provider Partner Agreement and the Virtumedix® API License Agreement, as proposed to be publicly filed, and the Declaration of James Mohler.

Respectfully,

/s/ Michael B. Smith

Michael B. Smith

4842-4243-5247, v. 3

---

Application granted. Plaintiffs may file the two licenses with the redactions they have proposed.

SO ORDERED.

Hon. Ronnie Abrams
12/17/2019